IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCHERING-PLOUGH HEALTHCARE PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEUTROGENA CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) Civ. No. 09-268-SLR ) ) ) ) ) |
| SCHERING-PLOUGH HEALTHCARE PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEUTROGENA CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) Civ. No. 09-642-SLR ) ) ) ) ) |

**O R D E R**

At Wilmington this 20th day of October, 2009, having conferred with counsel regarding both of the above captioned cases pending between these two competitors in the sunscreen market;

IT IS ORDERED that, with respect to Civ. No. 09-268-SLR:

1. Neutrogena's motion for a preliminary injunction (D.I. 38) is denied as moot, as the parties have agreed to forego such a preliminary proceeding in order to get to a

final trial on the merits.

    2. In this regard:

        a. The parties have reached an agreed-upon status quo pending the court's final decision, anticipated to issue on or before January 31, 2010.

        b. The parties will engage in limited discovery, with a discovery conference with the court scheduled for **November 18, 2009 at 4:30 p.m.**. The parties will inform the court as to whether the conference, if needed at all, involves no more than two issues, in which case it can be conducted via a telephone conference initiated by plaintiff's counsel. Otherwise, the conference will be conducted in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.

        c. A pretrial conference shall be conducted on **December 17, 2009 at 3:30 p.m.** in courtroom 6B. The joint proposed pretrial order shall be filed with the court on or before **December 14, 2009.** Rather than motions in limine, any evidentiary disputes shall be listed as a discrete part of the pretrial order.

        d. A bench trial shall be conducted according to the following schedule, with each party having nine (9) hours in which to present its evidence.

| | |
|---|---|
| Monday, January 4, 2010 | 7:30 a.m. to 9:00 a.m.<br>5:30 p.m. to 7:30 p.m. |
| Tuesday, January 5, 2010 | 7:30 a.m. to 9:00 a.m.<br>5:30 p.m. to 7:30 p.m. |
| Wednesday, January 6, 2010 | 7:30 a.m. to 9:00 a.m.<br>5:30 p.m. to 7:30 p.m. |
| Saturday, January 9, 2010 | 8:30 a.m. to 5:00 p.m. |

IT IS FURTHER ORDERED that, with respect to Civ. No. 09-642-SLR,

defendant shall respond to plaintiff's motion for partial summary judgment (D.I. 4), on or before **November 3, 2009,** by addressing **only** the following three questions:

1. Must "helioplex" - by definition - contain diethyhexyl 2,6-Naphthalate ("DEHN")?

2. Does the label for the Ultra Sheer dry-touch sunblock 100+ product (as portrayed in D.I. 5, ex. G) accurately reflect that product's ingredients, specifically, the absence of DEHN?

3. If literal falsity is proven, what Third Circuit case law stands for the proposition that plaintiff would still need to prove, e.g., consumer confusion? *See, e.g., Johnson & Johnson v. Rhone-Poulenc Rorer*, 19 F.3d 125, 129 (3d Cir. 1994), which stands for the proposition that, if literal falsity has been proven, a court may grant relief without evidence that the buying public has been misled.

No further briefing shall be submitted in this regard, pending an order of the court.

                                                     _____
                                                     United States District Judge