IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCHERING-PLOUGH HEALTHCARE PRODUCTS, INC., ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | Civ. No. 09-642-SLR |
| NEUTROGENA CORPORATION, ) ) ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 15th day of July 2010, having reviewed defendant's motion for reconsideration of the court's order granting plaintiff's motion for partial summary judgment of liability (D.I. 17) and the papers submitted in connection therewith;

IT IS ORDERED that defendant's motion is denied, as follows:

1. **Background.** The court references its prior opinions in this case (D.I. 17, 19) for the relevant background.

2. Briefly, plaintiff alleged that defendant engaged in false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125 ("§ 43(a)"), and the Uniform Deceptive Trade Practices Act, 6 Del. C. § 2351 et seq., stemming from defendant's varying use of the term "Helioplex®" in its advertising. (D.I. 1 at 1-2) In prior litigation before this court and in prior advertising campaigns, defendant used "Helioplex® " to describe a system specifically comprised of avobenzone, diethylhexyl-2,6-naphthalate ("DEHN"), and oxybenzone. (D.I. 19 at 2) For a time, defendant substituted DEHN with

another photostability agent, octocrylene, in its new "Ultra Sheer Dry-Touch Sunblock SPF 100+" sunscreen ("the 100+ Product"). (D.I. 18 at 7) Defendant did not issue corrective advertising or otherwise notify consumers of the change in active ingredients and continued to advertise with the Helioplex® mark. (D.I. 19 at 3) Therefore, this court granted partial summary judgment of liability on plaintiff's § 43 claim for false advertising, finding that: "(1) [d]efendant expressly defined Helioplex® to the consuming public; (2) [d]efendant's message was unambiguous and explicit, insofar as it provided the public with a specific formula for Helioplex®; (3) [d]efendant has not indicated that it subsequently provided the public a contrary or expanded representation; and (4) there is no dispute that the 100+ Product, for a certain period of time, did not contain DEHN." (*Id.*, internal quotations omitted)

3. Defendant moved for reconsideration on the grounds that, even if the advertisement were literally false, plaintiff must prove that the falsity materially influenced consumers' purchasing decisions. (D.I. 20 at 4) It also disagreed with the court's finding of literal falsity. (D.I. 18 at 4) Before ruling on the motion for reconsideration, the court allowed defendant to file a submission addressing the "other evidence" it sought to include to rebut the presumption of consumer deception. (D.I. 19 at 1) In response, defendant submitted advertisements that ran during the period in which defendant's products did not contain DEHN. (D.I. 20, ex. A) None of these contained information relating to the chemical formula of Helioplex®. Defendant also stated, without providing evidence, that the advertisement that explicitly disclosed Helioplex's ingredients was meant for skin care professionals and not consumers. (D.I. 20 at 2)

2

4. **Standard.** Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex-rel Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Therefore, a court may exercise its discretion to alter or amend its judgment if the movant demonstrates one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when the judgment was granted; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See id.*

5. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Id.* at 1241 (citations omitted); *see also* D. Del. LR 7.1.5.

6. **Discussion**. Applying the motion for reconsideration standard, the court finds no justification to amend the order granting partial summary judgment. Defendant has not indicated a change in the controlling law. Defendant did provide to the court new evidence in the form of an internet advertisement purportedly intended for the consuming public. (D.I. 20, ex. B) That advertisement states, however, that the site was last updated on "20 April 2010." The court issued its order granting partial summary judgment of liability on May 18, 2010. Therefore, even if the advertisement did present a new issue of fact, defendant was in possession of the advertisement and could have presented it before this court granted partial summary judgment. It did not, and the motion for reconsideration standard does not allow it do so at this time.[1]

7. Finally, defendant has not shown a need to correct a clear error of law or fact to prevent manifest injustice. After studying the parties' briefs and the applicable precedent of the Third Circuit, the court's reading of the law remains unchanged.

8. Section 43(a) of the Lanham Act provides that:

[A] person who shall ... use in connection with any goods or services ... any false description or representation, including words or other symbols tending falsely to describe or represent the same ... shall be liable in a civil action by any person ... who believes that he is or is likely to be damaged by the use of such false description or representation.

15 U.S.C. § 1125(a). There are two different theories of recovery for false advertising under § 43(a): "(1) an advertisement may be false on its face; or (2) the advertisement may be literally true, but given the merchandising context, it nevertheless is likely to mislead and confuse consumers." *Castrol, Inc. v. Pennzoil Co.*, 987 F.2d 939, 943 (3d

---

[1] Even if the court were to consider the advertisement, it does not address the chemical formula and, therefore, does not rebut explicit literal falsity.

4

Cir.1993). The test for literal falsity is an objective one for the court's determination. "[I]f a defendant's claim is untrue, it must be deemed literally false" regardless of the advertisement's impact on the buying public. *Id.* at 943-44. Further, "only an unambiguous message can be literally false," and "[a] literally false message may be either explicit or conveyed by necessary implication when, considering the advertisement in its entirety, the audience would recognize the claim as readily as if it had been explicitly stated." *Novartis Consumer Health Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586-87 (3d Cir.2002) (quoting *Clorox Co. v. Procter & Gamble Commercial Co.*, 228 F.3d 34, 35 (1st Cir.2000)) (internal quotations omitted). Conversely, "[w]hen the challenged advertisement is implicitly rather than explicitly false, its tendency to violate the Lanham Act by misleading, confusing or deceiving should be tested by public reaction." *Castrol*, 987 F.2d at 943.

9. As discussed previously, the court reads *Castrol* and its progeny as dividing § 43(a) claims into two categories: those where the asserted advertisements are literally false, and those where the asserted advertisements are impliedly false. In the latter category, a plaintiff must show consumer confusion, but that showing is not required to support a finding of liability for a literally false claim. *See id.*

> Where a merchandising statement or representation is literally or explicitly false, the court may grant relief without reference to the advertisement's impact on the buying public. When the challenged advertisement is implicitly rather than explicitly false, its tendency to violate the Lanham Act by misleading, confusing or deceiving should be tested by public reaction.

*Id.* (quoting *Coca-Cola Co. v. Tropicana Prod., Inc.*, 690 F.2d 312, 317 (2d Cir. 1982)). The clear implication of the dichotomy pointed out in *Castrol* is that consumer reaction is immaterial when the asserted advertisement is literally false. In other words, "[i]f a plaintiff proves a challenged claim is literally false, **a court may grant relief without considering whether the buying public was misled**." *Johnson-Merck Consumer Pharms. Co. v. Rhone-Poulenc Rorer Pharms., Inc.*, 19 F.3d 125, 129 (3d Cir. 1994) (emphasis added). Therefore, once plaintiff proves literal falsity of an advertisement, the court may presume all other elements of the § 43(a) claim. Although no case has specifically stated that all remaining elements of the § 43(a) claim may be presumed upon a showing of literal falsity, perhaps this can be attributed to the rarity of an advertiser promulgating literally false statements to consumers.

10. Defendant also contends that plaintiff must demonstrate actual injury due to the literally false advertisement. Defendant asserts, without citation to applicable authority, that plaintiff "bears the burden of proving that it suffered harm as a result of [defendant's] purportedly false advertising." (D.I. 18 at 9) The court disagrees. Again, *Castrol* separates § 43(a) claims into those cases where the asserted advertisements are literally false, and those where the advertisements are literally true, but nevertheless are likely to mislead consumers. When the advertisements are literally false, courts may grant relief without reference to consumer confusion; injury is presumed. *See Castrol*, 987 F.2d at 943 (quoting *Coca-Cola Co. v. Tropicana Prod., Inc.*, 690 F.2d 312, 317 (2d Cir. 1982)). It would seem that the *Castrol* court contemplated injunctive relief when it directed courts to presume injury upon a showing

of literal falsity. Indeed, it would be extremely difficult to prove monetary damages in the majority of cases where more than two competitors are locked in a struggle for consumers. Furthermore, the language of § 43(a) allows initiation of the action by any entity which is "**likely** to be damaged by the use" of false statements. 15 U.S.C § 1125(a) (emphasis added). In this case, plaintiff seeks an injunction prohibiting promulgation of a literally false statement. Therefore, there is no apparent tension presented here by a presumption of damages.

11. For the reasons stated, defendant's motion for reconsideration is denied. (D.I. 18)

                                              */s/*
                                  United States District Judge