IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCHERING-PLOUGH HEALTHCARE PRODUCTS, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 09-642-SLR ) |
| NEUTROGENA CORPORATION, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 20th day of August 2010, having the parties' letter submissions (D.I. 25, 26);

IT IS ORDERED that plaintiff's request for entry of a permanent injunction is denied as follows:

1. **Background**. The court references its prior opinions in this case (D.I. 17, 19, 23) for the relevant background. Plaintiff alleged that defendant engaged in false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125 ("§ 43(a)"), and the Uniform Deceptive Trade Practices Act, 6 Del. C. § 2351 et seq., stemming from defendant's varying use of the term "Helioplex®" in its advertising. (D.I. 1 at 1-2) In prior litigation before this court and in prior advertising campaigns, defendant used "Helioplex® " to describe a system specifically comprised of avobenzone, diethylhexyl-2,6-naphthalate ("DEHN"), and oxybenzone. (D.I. 19 at 2) For a time, defendant substituted DEHN with another photostability agent, octocrylene, in its new "Ultra Sheer Dry-Touch Sunblock SPF 100+" sunscreen ("the 100+ Product"). (D.I. 18 at 7)

Defendant did not issue corrective advertising or otherwise notify consumers of the change in active ingredients and continued to advertise with the Helioplex® mark. (D.I. 19 at 3) Therefore, this court granted partial summary judgment of liability on plaintiff's § 43 claim for false advertising, finding that: "(1) [d]efendant expressly defined Helioplex® to the consuming public; (2) [d]efendant's message was unambiguous and explicit, insofar as it provided the public with a specific formula for Helioplex®; (3) [d]efendant has not indicated that it subsequently provided the public a contrary or expanded representation; and (4) there is no dispute that the 100+ Product, for a certain period of time, did not contain DEHN." (*Id.*, internal quotations omitted)

2. Defendant moved for reconsideration on the grounds that, even if the advertisement were literally false, plaintiff must prove that the falsity materially influenced consumers' purchasing decisions. (D.I. 20 at 4) It also disagreed with the court's finding of literal falsity. (D.I. 18 at 4) The court denied the motion on the basis that defendant had not indicated any change in controlling law, provided new evidence in a timely manner before the court granted summary judgment, or shown any need to correct clear error of law or fact. (D.I. 23 at 4)

3. **Discussion**. It is plaintiff's position that the court's finding of liability on Neutrogena's part automatically entitles it to a permanent injunction. (D.I. 25)

4. Plaintiff asserts that there is sufficient evidence of irreparable harm, beyond a presumption of harm, to render an injunction appropriate in this case pursuant to *Time Warner Cable, Inc. v. DirectTV, Inc.*, 497 F.3d 144 (2d Cir. 2007). (D.I. 26 at 2). Defendant, on the other hand, asserts that, following the Supreme Court's decision in

*eBay Inc. v. MercExchange L.L.C.*, 547 U.S. 388 (2006), there cannot be a presumption of irreparable harm, and plaintiff must prove "(1) that it has suffered irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay*, 547 U.S. at 391. (D.I. 25 at 1) Defendant points out that the *Time Warner* court did not consider *eBay*, nor did it apply to a permanent injunction. (D.I. 25 at 2)

     5. The court agrees that plaintiff must satisfy the *eBay* factors to prove the necessity of a permanent injunction. Plaintiff asserts that it has shown irreparable harm because Neutrogena's actions were found **literally** false and, even where only implied falsity has been found, courts have granted permanent injunctions under *eBay*. (D.I. 26 at 2) Plaintiff points out that in a recent case discussing the *eBay* irreparable harm requirement, the United States District Court for the Eastern District of Virginia granted a permanent injunction after a finding of only implied (and not literal) falsity. (*Id.*)(*citing PBM Prods., LLC v. Mead Johnson & Co.*, Civ. No. 09-269, 2010 WL 957756 (E.D. Va. Mar. 12, 2010))

     6. Plaintiff's argument is unavailing. Although it did find that a jury verdict may presumptively satisfy the irreparable injury requirement, the *PBM* court applied the *eBay* factors to determine the appropriateness of issuing a permanent injunction. *See id.* at *2-*3. Similarly, plaintiff cites the proposition that "[t]he inference that the serious nature of the claims in the advertisements would irreparably harm . . . goodwill and

market position is certainly reasonable." *Osmose, Inc. v. Viance, LLC*, Civ. No. 09-15563, 2010 WL 2977988, at *16 (11th Cir. July 30, 2010). While this may be true, the *Osmose* court still applied the *eBay* factors before determining an injunction was an appropriate remedy. *See id.* at *15-*17.

7. For the above reasons, defendant is correct in its assertion that a finding of liability for promulgating literally false advertising does not lead automatically to the grant of a permanent injunction. The court, therefore, denies plaintiff's request.

IT IS FURTHER ORDERED that the parties may proceed with limited discovery addressed to the four permanent injunction factors. The parties shall confer and file a stipulated discovery schedule further contemplating deadlines for briefing on plaintiff's motion for a permanent injunction.

                                           _____
                                           United States District Judge